IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 16-cv-3027 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Mark Richardson ("Plaintiff"), by and through his attorneys, and for his complaint against Defendant Chicago Transit Authority ("Defendant") states as follows:

1. This is an action for damages and equitable relief to redress the violation of rights secured to Plaintiff by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq.* ("ADA").

2. Jurisdiction is based on 28 U.S.C. §1331, 42 U.S.C. §12117, and 42 U.S.C. §2000e-5(f).

3. Venue is proper under 28 U.S.C. §1391(b), 42 U.S.C. §12117, and 42 U.S.C. §2000e-5(f). Defendant's principal place of business is in, and the events giving rise to Plaintiff's claims occurred in, Chicago, Illinois.

4. Defendant is a municipal corporation created by the Metropolitan Transit Authority Act, 70 ILCS 3605/1, *et seq.* Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5).

5. Plaintiff is a former employee of Defendant. Defendant employed Plaintiff as a full time bus operator from at least August 15, 1999, to at least February 14, 2012. Plaintiff has at all times relevant resided in the State of Illinois.

6. At all times relevant, Plaintiff was an "employee" within the meaning of 42 U.S.C. §12111(4).

7. In September 2010, Plaintiff attempted to return to work from an extended medical leave.

8. On or about September 13, 2010, Defendant's physician found Plaintiff physically fit to return to work as a bus operator.

9. However, Defendant did not allow Plaintiff to return to work as a bus operator in September 2010. To date, Defendant has not allowed Plaintiff to return to work as a bus operator.

10. On or about September 16, 2010, Defendant gave Plaintiff a safety assessment prior to allowing him to return to work.

11. Defendant refused to allow Plaintiff to return to work as a bus operator because it regarded him as disabled.

12. Defendant refused to allow Plaintiff to return to work because it regarded him as being too obese to work as a bus operator.

13. Plaintiff had a "disability" within the meaning of 42 U.S.C. §12102(1)(C).

14. Plaintiff completed the tasks required of him during the safety assessment on or about September 16, 2010.

15. Plaintiff was able to perform the essential functions of the position of bus operator and was a "qualified individual" within the meaning of 42 U.S.C. §12111(8).

16. Plaintiff's performance as a bus operator met Defendant's legitimate expectations.

17. The safety assessment given to Plaintiff was different from the safety assessment that is normally required of bus operators returning from extended leave.

18. Defendant treated Plaintiff worse than similarly situated, non-disabled employees by requiring him to complete a different safety assessment.

19. Defendant's refusal to allow Plaintiff to return to work constitutes an adverse employment action.

20. Plaintiff has suffered injury as a result of not being allowed to return to work.

21. Defendant's refusal to allow Plaintiff to return to work as a bus operator violated 42 U.S.C. §12112.

22. On December 1, 2010, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging violations of the ADA, a copy of which is attached as Exhibit A and incorporated herein by reference.

23. On December 15, 2015, the U.S. Department of Justice issued Plaintiff a right to sue letter, a copy of which is attached as Exhibit B and incorporated herein by reference.

24. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and that he be given the following relief:

(A) Reinstatement to his position of bus operator without loss of seniority or any other benefit;

(B) Back pay, including wages and fringe benefits;

(C) Front pay;

(D) Prejudgment interest;

(E) Attorneys' fees and costs, including but not limited to reasonable expert witness fees, and the interest incurred thereon pursuant to 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(k);

    (F)    Compensatory damages pursuant to 42 U.S.C. §1981a;

    (G)    Any and all other damages proven at trial; and

    (H)    Any and all other relief deemed appropriate by the Court.

    Respectfully submitted,

/s/ Taylor E. Muzzy
One of Plaintiff's Attorneys

Sherrie E. Voyles
Taylor E. Muzzy
Jacobs, Burns, Orlove & Hernandez
150 N. Michigan Ave., Suite 1000
Chicago, IL 60601
(312) 372-1646