UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Mark Richardson,

    Plaintiff,

v.

Chicago Transit Authority,

    Defendant.

Case No. 16-cv-3027

Judge John Robert Blakey

# MEMORANDUM OPINION AND ORDER

Plaintiff Mark Richardson alleges that Defendant Chicago Transit Authority terminated his employment as a bus operator in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (hereinafter the "ADA"). Defendant moved to dismiss Plaintiff's claim [14], and for the reasons explained below, Defendant's motion is denied.

## I. Background[1]

Plaintiff worked for Defendant as a bus operator from August 15, 1999 through at least February 14, 2012. [1] at 1. In September of 2010, Plaintiff attempted to return to his job from an extended medical leave. *Id.* at 2. On or about September 13, 2010, a physician employed by Defendant determined that Plaintiff was physically able to return to work as a bus operator. *Id.* Defendant was also given a "safety assessment" on September 16, 2010, which "was different"

---

[1] The facts in this section are based upon Plaintiff's Complaint [1] and the exhibits appended thereto.

from the safety assessment that is normally required of bus operators returning from extended leave. *Id.*

Defendant eventually rejected Plaintiff's request to return to work. *Id.* Plaintiff alleges that Defendant refused to allow him to return to work because Defendant regarded him as disabled, due to his obesity. *Id.* On December 1, 2010 Plaintiff filed, with the assistance of his present counsel, a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* Ex. A. The substantive portion of that Charge of Discrimination reads as follows:

> I have been employed by Respondent since August 15, 1999, as a Bus Operator. I was given a Special Assessment, which I passed and my doctor released me to return to work. Respondent denied my return to work.
>
> I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.* Plaintiff's EEOC Charge did not resolve the parties' dispute, and Plaintiff was issued a "right to sue" letter on December 15, 2015. *Id.* Ex. B.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), this Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw all reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents

2

that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Analysis

The ADA prohibits an employer from discriminating against a "qualified individual on the basis of disability" in employment decisions, including decisions to discharge. 42 U.S.C. § 12112(a). An ADA plaintiff must, *inter alia*, "prove that she has a 'disability' in order to prevail." *Knapp v. Evgeros, Inc.*, No. 15-cv-754, 2016 WL 4720026, at *5 (N.D. Ill. Sept. 9, 2016). In addition, a putative plaintiff under the ADA must exhaust his administrative remedies through the EEOC. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1087 (7th Cir. 2008).

Defendant argues that Plaintiff's claim must be dismissed because he has: (1) failed to sufficiently allege that he is "disabled" within the meaning of the ADA; and (2) failed to exhaust his administrative remedies with the EEOC. The Court addresses these arguments in turn.

### A. Disability Under The ADA

Plaintiff was required to allege that he was "disabled" with the meaning of the ADA. *See Knapp*, 2016 WL 4720026, at *5; *see also Gogos v. AMS Mech. Sys.*,

3

*Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) ("A claim for relief under Title I of the ADA, 42 U.S.C. § 12112(a), requires Gogos to allege facts showing that . . . he is disabled.") (internal quotations omitted). An individual can establish a "disability" under the ADA by demonstrating: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff is proceeding "based solely" on this third prong. [22] at 3.

### 1. No "Substantially Limited" Requirement

Defendant first argues that in order to sufficiently allege that he is "disabled" pursuant to the "regarded as" prong, Plaintiff was required to claim that Defendant believed that he: "(1) had an impairment (2) that substantially limited (3) one or more major life activities." [15] at 3 (internal quotation omitted). Defendant's argument relies on outdated case law and is rejected.

On January 1, 2009, Congress enacted the ADA Amendments Act of 2008 ("ADAAA"). Pub. L. 110-325, 122 Stat. 3553. That statue provides as follows:

> An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment *whether or not the impairment* limits or *is perceived to limit a major life activity*.

42 U.S.C. § 12102(3)(A) (emphasis added). The implementing regulations similarly note that:

4

> An individual is 'regarded as having such an impairment' if the individual is subjected to a prohibited action because of an actual or perceived physical or mental impairment, *whether or not that impairment* substantially limits, or *is perceived to substantially limit, a major life activity*. Prohibited actions include but are not limited to refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment.

29 C.F.R. § 1630.2(l)(1) (emphasis added). Indeed, "an individual is 'regarded as having such an impairment' any time a covered entity takes a prohibited action against the individual because of an actual or perceived impairment, even if the entity asserts, or may or does ultimately establish, a defense to such action." *Id.* at § 1630.2(l)(2).

In short, a plaintiff is "regarded as" "disabled" within the meaning of the governing statutes when he is subjected to a prohibited action because of a perceived impairment. It is not necessary for a putative plaintiff to allege that his employer understood the perceived impairment to substantially limit a major life activity. Defendant's argument to the contrary is rejected.

### 2. Plaintiff's Obesity May Be An "Impairment"

Defendant next argues that Plaintiff's claim must fail because "obesity does not qualify as an impairment, unless it both falls outside the normal range for weight and occurs as the result of a physiological disorder." [15] at 4 (internal citations omitted). Defendant may be right—authority is currently split on the question of whether a plaintiff alleging that he was discriminated against on the basis of his obesity must demonstrate that his obesity results from a physiological

5

disorder. *Compare EEOC v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 443 (6th Cir. 2006) ("[T]o constitute an ADA impairment, a person's obesity, even morbid obesity, must be the result of a physiological condition.") *and Hargett v. Adams*, No. 08-cv-3133, 2010 WL 3834458, at *4 (C.D. Ill. Sept. 14, 2010) ("There is a substantial question whether plaintiff's morbid obesity, which is not the result of any physiological disorder, alone amounted a disability under the ADA.") *with EEOC v. Res. for Human Dev., Inc.*, 827 F. Supp. 2d 688, 693-695 (E.D. La. 2011) ("[S]evere obesity qualifies as a disability under the ADA and . . . there is no requirement to prove an underlying physiological basis.") *and Lowe v. Am. Eurocopter, LLC*, No. 1:10-cv-24, 2010 WL 5232523, at *7-8 (N.D. Miss. Dec. 16, 2010) ("Thus, a plaintiff now might be considered disabled due to obesity under the ADA if her employer *perceived* her weight as an impairment . . . Based on the substantial expansion of the ADA by the ADAAA, Defendant's assertion that Plaintiff's weight cannot be considered a disability is misplaced.") (emphasis in original) *and* EEOC Compl. Man. § 902.2(c)(5)(ii), 2009 WL 4782107 (Nov. 21, 2009) ("Being overweight, in and of itself, generally is not an impairment . . . On the other hand, severe obesity, which has been defined as body weight more than 100% over the norm . . . is clearly an impairment.").

This Court, however, need not resolve this disputed question at this point in the proceedings. Even if Plaintiff is ultimately required to *prove* that his obesity was caused by a physiological disorder, he was not required to *allege* the same. *See Whittaker v. Am.'s Car-Mart, Inc.*, No. 1:130-cv-108, 2014 WL 1648816, at *7 (E.D.

6

Mo. Apr. 24, 2014) (denying defendant's motion to dismiss, as plaintiff's allegation that defendant regarded him as having an impairment due to his obesity constituted "a factual basis from which inferences supporting the legal conclusion that he is disabled within the meaning of the ADA may be drawn"); *see also Lowe*, 2010 WL 5232523, at *8 ("Whether or not Plaintiff can in fact *prove* that her weight rises to the level of a disability under the ADA is not at issue here, as a motion to dismiss is not the proper method for evaluating the merits of Plaintiff's specific assertions.") (emphasis in original).

In the end, Plaintiff alleges that Defendant perceived him as disabled due to his obesity. [1] at 2. The Court accepts this well-plead allegation as true, and Defendant's argument on this score is rejected.

B.  **Plaintiff Exhausted His Administrative Remedies**

Defendant finally argues that Plaintiff failed to exhaust his administrative remedies, insofar as Plaintiff's Charge of Discrimination did not contain an explicit allegation that Defendant "regarded" him as disabled. [15] at 4-5. Defendant's overly formalistic approach remains inconsistent with governing precedent.

Under well-settled law, discrimination claims can be the subject of civil lawsuits only if those claims were included in a Charge of Discrimination filed with the EEOC or are "like or reasonably related to the allegations of the charge and [are] growing out of such allegations." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010). The "reasonably related" standard is a "liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on

lay persons, often unschooled, to enforce its provisions." *Jordan v. Whelan Sec. of Illinois, Inc.*, 30 F. Supp. 3d 746, 754 (N.D. Ill. 2014) (internal quotation omitted). Ultimately, to satisfy the "reasonably related" standard, a plaintiff must demonstrate that there is "a factual relationship" between the civil claim and the Charge of Discrimination; indeed, "the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals." *Whitaker v. Milwaukee Cty.*, 772 F.3d 802, 812-813 (7th Cir. 2014) (internal citations omitted).

Courts in this circuit have frequently found that "regarded as" disability claims were "reasonably related" to "actual disability" claims made in preceding EEOC filings. *See Anderson v. The Foster Grp.*, 521 F. Supp. 2d 758, 786 (N.D. Ill. 2007) ("While Plaintiff's EEOC charge does not mimic the language of the ADA and state specifically that Defendant 'regarded [him] as' disabled, such relentless specificity is not required.") (internal quotation omitted); *Pellack v. Thorek Hosp. & Med. Ctr.*, 9 F. Supp. 2d 984, 989 (N.D. Ill. 1998) ("While it is true that both the plaintiff's EEOC charge and her complaint fail to assert a perceived disability theory, such a theory is like or reasonably related to the discriminatory conduct identified by the plaintiff in her EEOC charge."); *see also Smith v. Warren R. Gregory & Sons, Inc.*, No. IP99-1490-C-B/S, 2001 WL 1691640, at *5 (S.D. Ind. Nov. 21, 2001) (allowing plaintiff to claim that that his employer "regarded [him] as disabled" despite his "bare-bones" EEOC charge).

The above precedent applies here. Plaintiff alleged in his Charge of Discrimination that he was "discriminated against because of [his] disability." [1] Ex. A. Moreover, Plaintiff grounded this allegation in the same factual predicate as his claim in this case. *Id.* ("I was given a Special Assessment, which I passed and my doctor released me to return to work. Respondent [nevertheless] denied my return to work."). These allegations concern the same set of facts as the present case, such that Plaintiff's claim here is "reasonably related" to his EEOC charge. Defendant's argument to the contrary is rejected.

## IV. Conclusion

Plaintiff has sufficiently alleged that he was "regarded as" disabled by Defendant, and his claim here is "reasonably related" to his previous charge with the EEOC. Accordingly, Defendant's Motion to Dismiss [14] is denied.

Dated: October 17, 2016

Entered:

John Robert Blakey
United States District Judge