IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 16-cv-3027 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | Judge John Robert Blakey |
| | ) | Magistrate Judge Michael T. Mason |
| Defendant. | ) | |

### DEFENDANT CHICAGO TRANSIT AUTHORITY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Chicago Transit Authority ("CTA"), by and through its undersigned attorneys, responds to Plaintiff Mark Richardson's ("Plaintiff") Complaint as follows:

1. This is an action for damages and equitable relief to redress the violation of rights secured to Plaintiff by the Americans with Disability Act of 1990, as amended, 42 U.S.C. §12101, et seq. (ADA").

**ANSWER:** CTA admits that Plaintiff purports to bring this action on the basis described in Paragraph No. 1. CTA denies any violation of Plaintiff's ADA rights.

2. Jurisdiction is based on 28 U.S.C. §1391(b), 42 U.S.C. §12117, and 42 U.S.C. §2000e-5(f).

**ANSWER:** CTA admits that this Court has jurisdiction over this matter. CTA denies any violation of Plaintiff's ADA rights.

3. Venue is proper under 28 U.S.C. §1391(b), 42 U.S.C. §12117, and 42 U.S.C. §2000e-5(f). Defendant's principal place of business is in, and the events giving rise to Plaintiff's claims occurred in, Chicago, Illinois.

**ANSWER:** CTA admits that venue is proper in this district upon 28 U.S.C. §1391. CTA denies the remaining allegations in Paragraph No. 3 and denies violating Plaintiff's ADA rights.

4. Defendant is a municipal corporation created by the Metropolitan Transit Authority Act, 70 ILCS 3605/1, et seq. Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5).

**ANSWER:** CTA admits the allegations in Paragraph 4.

5. Plaintiff is a former employee of Defendant. Defendant employed Plaintiff as a full time bus operator from at least August 15, 1999, to at least February 14, 2012. Plaintiff has at all times relevant resided in the State of Illinois.

**ANSWER:** CTA admits the allegations in the first two sentences of Paragraph 5. CTA lacks information or knowledge sufficient to form a belief as to the truth of the allegation in the third sentence of paragraph 5 and, therefore, denies this allegation.

6. At all times relevant, Plaintiff as an "employee" within the meaning of 42 U.S.C. §12111(4).

**ANSWER:** CTA admits the allegations in Paragraph 6.

7. In September 2010, Plaintiff attempted to return to work from an extended medical leave.

**ANSWER:** CTA admits the allegations in Paragraph 7.

8. On or about September 13, 2010, Defendant's physician found Plaintiff physically fit to return to work as a bus operator.

**ANSWER:** CTA admits that a medical practitioner found Plaintiff physically fit to return to work on or about September 13, 2010, with the requirement that Plaintiff must be

cleared by safety prior to operating a bus.

9. However, Defendant did not allow Plaintiff to return to work as a bus operator in September 2010. To date, Defendant has not allowed Plaintiff to return to work as a bus operator.

**ANSWER:** CTA admits that Plaintiff was not returned to work in September 2010 because he was unable to safely operate a bus in accordance with Defendant's Standard Operating Procedures. CTA admits that Plaintiff was not returned to work at CTA at any point since that time and further states that Plaintiff has not made any attempt to return to work since September 2010.

10. On or about September 16, 2010, Defendant gave Plaintiff a safety assessment prior to allowing him to return to work.

**ANSWER:** CTA admits the allegations in Paragraph 10.

11. Defendant refused to allow Plaintiff to return to work as a bus operator because it regarded him as disabled.

**ANSWER:** CTA denies the allegations in Paragraph 11.

12. Defendant refused to allow Plaintiff to return to work because it regarded him as being too obese to work as a bus operator.

**ANSWER:** CTA denies the allegations in Paragraph 12.

13. Plaintiff had a "disability" within the meaning of 42 U.S.C. §12102(1)(C).

**ANSWER:** CTA denies the allegations in Paragraph 13.

14. Plaintiff completed the tasks required of him during the safety assessment on or about September 16, 2010.

**ANSWER:** CTA admits that Plaintiff completed the safety assessment on September

16, 2010, but denies that his performance in that safety assessment was satisfactory.

15. Plaintiff was able to perform the essential functions of the position of bus operator and was a "qualified individual" within the meaning of 42 U.S.C. §12111(8).

**ANSWER:** CTA denies the allegations in Paragraph 15.

16. Plaintiff's performance as a bus operator met Defendant's legitimate expectations.

**ANSWER:** CTA denies the allegations in Paragraph 16.

17. The safety assessment given to Plaintiff was different from the safety assessment that is normally required of bus operators returning from extended leave.

**ANSWER:** CTA admits that Plaintiff was required to be evaluated for his ability to safely operate a CTA bus because of a doctor's recommendation. CTA denies the remaining allegations in Paragraph 17.

18. Defendant treated Plaintiff worse than similarly situated, non-disabled employees by requiring him to complete a different safety assessment.

**ANSWER:** CTA denies the allegations in Paragraph 18.

19. Defendant's refusal to allow Plaintiff to return to work constitutes an adverse employment action.

**ANSWER:** CTA states that Paragraph 19 constitutes a legal conclusion and therefore does not require a response. To the extent Paragraph 19 requires a response, CTA denies any violation of Plaintiff's ADA rights and any remaining allegations in Paragraph 19.

20. Plaintiff has suffered injury as a result of not being allowed to return to work.

**ANSWER:** CTA lacks knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 20; therefore, CTA denies this allegation. Further, CTA denies any wrongdoing towards Plaintiff or any liability towards any alleged damages or injury

Plaintiff may have incurred.

21. Defendant's refusal to allow Plaintiff to return to work as a bus operator violated 42 U.S.C. §12112.

**ANSWER:** CTA denies the allegations in Paragraph 21.

22. On December 1, 2010, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging violations of the ADA, a copy of which is attached as Exhibit A and incorporated herein by reference.

**ANSWER:** CTA admits the allegations in Paragraph 22. CTA denies any violation of Plaintiff's ADA rights.

23. On December 15, 2015, the U.S. Department of Justice issued Plaintiff a right to sue letter, a copy of which is attached as Exhibit B and incorporated herein by reference.

**ANSWER:** CTA admits the allegations in Paragraph 23. CTA denies any violation of Plaintiff's ADA rights.

24. Plaintiff demands trial by jury.

**ANSWER:** CTA states that a jury demand does not require a response. To the extent a response is required, CTA admits that Plaintiff demands a jury trial.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and that he be given the following relief:

A. Reinstate to his position of bus operator without loss of seniority or any other benefit;

B. Back pay, including wages and fringe benefits;

C. Front pay;

D. Prejudgment interest;

  E. Attorney's fees and costs, including but not limited to reasonable expert witness fees, and the interest incurred thereon pursuant to 42 U.S.C. §12117(a) and 42 U.S.C. §2000e-5(k);

  F. Compensatory damages pursuant to 42 U.S.C. §1981a;

  G. Any and all other damages proven at trial; and

  H. Any and all other relief deemed appropriate by the Court.

**ANSWER:** CTA denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Any of Plaintiff's claims of discrimination in violation of the ADA that occurred more than 300 days prior to the filing of his Equal Employment Opportunity Commission ("EEOC") charge are time-barred.

2. Allegations in Plaintiff's Complaint that are not within the scope of his EEOC charge are barred for failure to exhaust his administrative remedies.

3. Plaintiff is not entitled to back pay to the extent that he failed to mitigate his damages.

4. To the extent that Plaintiff seeks to allege that CTA failed to provide him a reasonable accommodation, there is no duty to accommodate an employee who is regarded as disabled.

5. All actions taken by CTA relating to Plaintiff were job-related to the bus operator position and consistent with CTA's business necessity of providing safe public transportation, and therefore CTA did not violate any of Plaintiff's rights under the ADA.

DATED: November 8, 2016      Respectfully submitted,

CHICAGO TRANSIT AUTHORITY

By: /s/ *Christopher R. Jensen*
        One of Its Attorneys

Victoria L. Gray
Joy Roberts-Caldwell
Olufemi Sokoya
Christopher R. Jensen
Chicago Transit Authority Law Department
567 W. Lake Street, 6th Floor
Chicago, Illinois 60661
T: 312.681.2933 | F: 312.681.2995
E: cjensen@transitchicago.com